IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN TESSENDORF and )
LORI TESSENDORF, )
)
       Plaintiffs, )
)
v. ) No. 04 C 6752
)
EDWARD HINES LUMBER COMPANY,)
)
       Defendant. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Edward Hines Lumber Company's ("Hines") partial motion to dismiss Counts III, IV, and V of the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). This matter is also before the court on Hines' motion to strike the jury demand for Counts III and IV and motion to strike the damages allegations in Counts III and IV relating to an alleged physical injury. For the reasons stated below, we grant in part and deny in part the partial motion to dismiss and we grant the motions to strike.

## BACKGROUND

Plaintiff John Tessendorf ("Tessendorf") was employed by Hines as an

1

outside sales representative beginning in May of 2002. In October of 2002, Tessendorf underwent brain surgery for a birth defect known as Chiari Malformation Syndrome. Tessendorf was on disability and medical leave until March 1, 2003. In June of 2003, Tessendorf was involved in an automobile accident while driving a company vehicle during work hours. Tessendorf alleges that the accident aggravated his brain condition and consequently, he had to undergo several additional surgeries and he was put on disability and medical leave in July of 2003. Tessendorf further alleges that Hines terminated his employment in December of 2003.

Tessendorf and his wife, Lori Tessendorf, filed a five-count complaint against Hines, which includes a claim alleging discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12201 *et seq.* (Count I), an ADA failure to provide reasonable accommodations claim (Count II), an ADA retaliation claim (Count III), a claim alleging violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1132 *et seq.* (Count IV), and an Intentional Infliction of Emotional Distress ("IIED") claim (Count V).

## LEGAL STANDARD

In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff,

and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002);*Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957);*See also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail. . . [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief."). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 445-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a "cause of action. . . .'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least

3

minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251.

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss an action when it lacks subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003). If the concern of the court or party challenging subject matter jurisdiction is that "subject matter jurisdiction is not evident on the face of the complaint, the motion to dismiss pursuant to Rule 12(b)(1) would be analyzed as any other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true." *Id.; see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)(stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), this court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff."). However, if the complaint appears on its face to indicate that the court has subject matter jurisdiction, "but the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *Id.* For the purpose of determining subject matter jurisdiction, this court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact

subject matter jurisdiction exists." *Ezekiel*, 66 F.3d at 897 (quoting *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993)). The burden of proof in regards to a Rule 12(b)(1)motion is "on the party asserting jurisdiction." *United Phosphorus, Ltd.*, 322 F.3d at 946.

## DISCUSSION

### I. Voluntary Dismissals

In Plaintiffs' answer to the instant motion, Plaintiffs agree to voluntarily strike the jury demand for the ERISA claim (Count IV) and to strike all relief sought in Count IV, except for equitable relief for lost benefits and attorney's fees. Plaintiffs also agree to voluntarily strike the request for a jury trial and punitive damages included in the ADA retaliation claim (Count III). Therefore, we grant Hines' motion to strike the jury demands in Counts III and IV.

### II. Intentional Infliction of Emotional Distress Claim (Count V)

Hines argues that the IIED claim (Count V) should be dismissed because it is preempted by the Illinois Human Rights Act ("IHRA"), 775 ILCS § 5/1-101*et seq.*, and the Illinois Workers' Compensation Act ("IWCA"), 801 ILCS 305/1*et seq.*

#### A. Illinois Human Rights Act Preemption

Hines moves to dismiss the IIED claim (Count V) on the basis that the IIED

5

claim is preempted by the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1*et seq.* and that the IIED claim omits allegations that were included in Plaintiffs' Equal Employment Opportunity Commission ("EEOC") charge. The IHRA states that "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS 5/8-111(C). The IHRA prohibits discrimination against a person "because of his or her race, color, religion, sex, national origin, ancestry, age, marital status, *physical or mental handicap,* military status, or unfavorable discharge from military service in connection with employment, real estate transactions, access to financial credit, and the availability of public accommodations." 775 ILCS 5/1-102(A)(emphasis added). The IHRA thus "prohibits employment discrimination based on a person's handicap" and "preempts all state law claims 'seeking redress for a 'civil rights violation' within the meaning of [that] statute.'" *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7[h] Cir. 2000)(addressing whether IIED claim was preempted in light of connections to ADA claim). If a course of conduct "would be actionable even aside from its character as a civil rights violation because the IHRA did not 'furnish the legal duty that the defendant was alleged to have breached,' the IHRA does not preempt a state law claim seeking recovery for it." *Id.*

In the instant action, Plaintiffs' IIED claim is based upon the same allegations presented in support of their ADA claim. There is no independent basis to support Plaintiffs' IIED claim other than the alleged discrimination because of Tessendorf's

6

disability. Thus, Plaintiffs' IIED claim is inextricably connected to the protections provided in the IHRA and the claim is therefore preempted by the IHRA. *See Krocka*, 203 F.3d at 517(affirming dismissal of plaintiff's IIED claim by the district court on grounds that IIED claim was inextricably linked to the plaintiff's ADA claim). Plaintiffs admit that they cannot point to any allegations that would show that Plaintiffs' IIED claim is independent of the claim of discrimination. (Ans. 6). Tessendorf states that although he cannot now point to sufficient allegations "at this stage it is impossible to tell whether the facts supporting Plaintiffs' cause of action for IIED are tied exclusively to John Tessendorf's ADA claim." (Ans. 7). Tessendorf contends that after discovery he will be able to determine if his IIED claim is inextricably linked to his ADA claims. (Ans 7). However, it is Tessendorf himself that has brought this action because he beleives that he was subjected to discrimination and suffered emotional distress. He should not need discovery to resolve such a rudementary aspect of his claims in this action. In fact, the courts in this Circuit have routinely addressed this issue at the motion to dismiss stage. *See e.g. See Quantock v. Shared Marketing Servs., Inc.*, 312 F.3d 899, 905 (7th Cir. 2002); *Krocka*, 203 F.3d at 517. Therefore, we find that the IIED claim is preempted by the IHRA.

### B. Illinois Workers' Compensation Act

Hines contends the IIED Claim is also barred by the IWCA. The IWCA's

7

exclusivity provision bars an employee from bringing any common law or statutory claims for accidental injuries "while engaged in the line of his duty as such an employee." 820 ILCS 305/5(a), 305/11;*Hunt-Golliday v. Metro. Water Reclamation Dist. of Greater Chic.*, 104 F.3d 1004, 1016 (7th Cir. 1997). The exclusivity provisions of the IWCA does "not bar a common law cause of action against an employer. . . for injuries which the employer or its alter ego intentionally inflicts upon an employee or which were commanded or expressly authorized by the employer," *Meerbrey v. Marshall Field and Co., Inc.*, 139 Ill.2d 455, 464 (Ill.1990)(holding that exclusivity provisions of the IWCA did not bar employees' action against co-employee). A plaintiff may escape the IWCA exclusivity provision bar for claims, by showing "(i) the injury was not accidental; (ii) the injury did not arise from employment; (iii) the injury was not received during the course of [ ] employment; [or] (iv) the injury is not compensable under the Act." *Hunt-Golliday*, 104 F.3d at 1017 (finding that plaintiff failed to show that her employer intended for her to suffer emotional distress despite a possible pattern of retaliation against her by her supervisors and upholding District Court's decision that summary judgment was proper due to preemption by the IWCA).

In order to avoid preemption, a plaintiff must prove that his employer committed, commanded, or expressly authorized a supervisor to commit an intentional tort. *Meerbrey*, 139 Ill.2d at 464. *See also Collier v. Wagner Castings Co.*, 81 Ill.2d 229, 239 (Ill.,1980)(holding that "since the employer did not direct,

8

encourage or commit an intentional tort, neither the employer nor its officers should be forced to defend [the] suit")). There is no allegation by Plaintiffs that Hines authorized a supervisory employee to inflict injuries on Tessendorf. In fact, Plaintiffs' complaint does not allege that anyone other than Hines is responsible for Plaintiffs' IIED claim. In their attempt to establish an alter ego, Plaintiffs assert that discovery will allow them to prove that the owners and supervisors of Hines were responsible for the intentional tort of IIED against Tessendorf. However, Plaintiffs do not allege that Hines directed or authorized a specific co-employee to conduct himself in a discriminatory manner against Tessendorf. Thus, the IIED claim is also preempted by the IWCA.

### III. Damages For Physical Injuries

Hines argues that the relief sought in each claim pertaining to recovery for physical injuries is preempted by the IWCA. Under the IWCA "an employee has no right to recover damages from the employer or its agents or employees for accidental injuries incurred in the course of employment." *Hunt-Golliday*, 104 F.3d at 1016. Section 820 ILCS 305/5 of the IWCA specifically states that an employee may not recover damages for physical injuries sustained "while engaged in the line of duty as such employee." Plaintiffs' complaint alleges that Tessendorf's injuries stemmed from a "an automobile accident" while he was driving a company vehicle during work hours. Thus, the IWCA preempts Plaintiffs' claim for damages pertaining to

9

Tessendorf's physical condition and therefore we grant Hines' motion to dismiss damages allegations in each Count pertaining to physical injury.

IV. Claim for Lost Benefits Under ERISA Brought by Lori Tessendorf

Hines asserts that Lori Tessendorf fails to state a claim under ERISA in Count IV because the complaint merely alleges that Tessendorf's termination deprived him of his benefits under an ERISA plan and that Hines took no action against Lori Tessendorf. However, Plaintiffs argue that both Tessendorf and Lori Tessendorf were beneficiaries of a health and welfare plan provided by Hines and that Tessendorf was terminated in order to deprive both he and Lori Tessendorf of their participation in the plan. An action can "be brought by a participant or beneficiary to recover benefits due him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). Additionally, a beneficiary is defined by ERISA as "a person designated by a participant, or by the terms of the employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). The Seventh Circuit has indicated that a "spouse is a plan participant under ERISA and absent a valid waiver or election, a spouse has standing to maintain an action under § 1132(a)." *Sladek v. Bell Sys. Mgmt. Pension Plan,* 880 F.2d 972, 977 (7th Cir. 1987)(holding that wife had standing under ERISA as potential beneficiary to bring action challenging participant's election). Hines cites to 29 U.S.C. § 1140 which states that "[i]t shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or

10

*discriminate against a participant or beneficiary* for exercising any right to which he is entitled under the provisions of an employee benefit plan... for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan." 29 U.S.C. § 1140(emphasis added). Hines argues that, in light of the above language which makes it unlawful to "discriminate against a participant or beneficiary," in order to state a claim Plaintiffs must allege that Hines discriminated against LoriTessendorf, in addition to Tessendorf. Hines' reading of the statute is incorrect. The above statutory language protects a participant or a beneficiary. Lori Tessendorf is considered to be a beneficiary under the plan and has sufficiently pled her claim under the federal notice pleading standard. Also, Hines' reading of 29 U.S.C. § 1140 is not supported by the Seventh Circuit's recognition that "a plan beneficiary's spouse has standing under ERISA, as a potential beneficiary, to bring an action to recover benefits allegedly owed under a plan." *Sladek*, 880 F.2d at 977. If it is found that Hines terminated Tessendorf in order to deprive him of his benefits under an ERISA plan, Lori Tessendorf, a beneficiary under the ERISA plan, has standing to bring suit to enforce her rights under ERISA. Therefore, we deny Hines' motion to dismiss Count IV to the extent that it is brought by Lori Tessendorf.

## CONCLUSION

Based on the foregoing analysis, we grant Hines' motion to strike the jury demand for the ERISA claim (Count IV) and to strike all relief sought in Count IV

except for equitable relief for lost benefits and attorney's fees. We also grant Hines' motion to strike the request for a jury trial and punitive damages included in the ADA retaliation claim (Count III). We grant Hines' motion to dismiss the IIED claim (Count V) and grant Hines' motion to dismiss all claims to the extent that they are based upon physical injuries. We deny Hines' motion to dismiss the ERISA claim (Count IV) brought by Lori Tessendorf.

 

Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 7, 2005